## HABERKORN v. FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD COMPANY.

[No. 2,714. Filed March 15, 1899. Rehearing denied June 15, 1899.]

SPECIAL VERDICT.— *Sufficiency.*— A judgment for royalties for the use of certain patented devices can not be rendered on a special verdict which finds that the use of the devices was worth a certain sum, but that such sum was not due from the defendant to the plaintiff.

From the Allen Circuit Court. *Affirmed.*

*W. G. Colerich* and *L. M. Ninde & Sons*, for appellant.

*Morris, Barrett & Morris* and *John B. Cockrum*, for appellee.

HENLEY, J.—This cause is here for the second time. The opinion upon the former appeal is found in 15 Ind. App. 479. Appellant brought this action to recover for the use of certain patented appliances, and to recover for one month's unpaid salary as appellee's master mechanic. The jury returned a special verdict by way of answers to interrogatories. The only questions argued are those presented by the specifications of the assignment of errors, which question the action of the lower court upon the motions filed for judgment upon the special verdict. The court rendered judgment, upon motion of appellee, upon the verdict in favor of appellant for $158.22, together with his costs. This judgment represented appellant's salary for the last month he was in appellee's service together with accumulated interest thereon to the date of the judgment. The court refused, upon the facts found, to find for appellant in any amount for the license to use, or royalties on, certain appliances which he

had, while appellee's master mechanic, invented, patented, and put in use upon appellee's road. The following are some of the facts found in the special verdict: That appellant was employed by appellee as its master mechanic in the year 1883, and continued in its service in such capacity until about the month of October, 1889; that his last month's salary, and interest thereon, from the date of the demand to the time of the trial amounts to $158.32; that, as such master mechanic, appellant had charge of the repairs and maintenance of the locomotive engines and cars of said railroad company, and had charge of the engineers and firemen on said road, and of the shops in the city of Ft. Wayne, and of the repairs and general supervision over appellee's workmen employed in said shops; that one Wm. W. Worthington was the general superintendent for the appellee in the operation of its said road during the time the appellee acted as its master mechanic; that appellant, by means of an arrangement with said Worthington, granted the privilege and license to appellee to make and use certain locomotive brakes on four of its locomotives until the same were worn out, and that such privilege and license was of the fair value of $100 on each locomotive, or $400 in all, and the payment of said sum was demanded of appellee before the commencement of this suit; that appellee through its general superintendent did not promise appellant to pay him anything for such right, or to pay him such sums as he might expend in procuring said patents, and that said sum is not due and owing from the appellee to the appellant; that appellee never agreed to pay appellant anything for such license or right to use said brakes; that appellant also placed upon ten of the locomotive engines belonging to the appellee certain cinder and spark arresters, and that the right to use them was of the fair value of $50 for each locomotive; that appellant did not demand the payment of said sum of $500 before the institution of this suit, and that said sum of $500 is not now due and owing from appellee to appellant; and at the time appellee acquired the

license and right to make and use said patented appliances it did not promise appellant to pay him anything therefor, nor to pay appellant such sum as he had expended in procuring said patent; that the sum of $350 claimed by appellant of appellee for the right and license to use certain car axle box lids on 350 cars is not due or owing to appellant from appellee, nor did appellee promise to pay appellant such sum as he had expended in procuring said patent; that appellant as master mechanic had charge of all appellee's machinery and appliances, and was charged with the duty of keeping everything pertaining to said machinery in good order; that he was charged also with operating the road, so far as said appliances were concerned; that there was nothing said about pay or compensation to be made by appellee to the appellant at the time said appliances were placed upon appellee's cars and locomotive engines, and that nothing was said to appellee in regard to pay or compensation for any of said appliances until September or October, 1889, when said Worthington brought the matter up, a short time before appellant and said Worthington left appellee's employ. At that time said Worthington expressed the wish to the plaintiff that he would execute a written release to appellee for all liability on account of the use of said appliances, and said Worthington, at the time, proposed to pay appellant for such release the expenses he had incurred in procuring said patent,—which expenses amounted in the aggregate to $1,500,—but said arrangement was abandoned; said release was not drawn or signed, and appellant was not paid said expenses, as aforesaid, and nothing was done, either by said Worthington, the appellant or the appellee, to carry out the said proposed settlement; said Worthington quit the service of appellee, and appellant was discharged, and after being so discharged presented the claim sued upon to appellee, and demanded payment thereof. Each of the patented appliances named in the several paragraphs of complaint were placed on appellee's cars and engines while appellant was in

appellee's employ as its master mechanic, and said patent appliances had not been used upon any cars or locomotives by any other company until they were so placed on appellee's cars and locomotives. As such master mechanic, the appellant had charge of the overseeing and construction of appellee's cars and engines, of the appliances and devices to be placed upon them, and, while appellant was in appellee's employ as its master mechanic, he made no·charge against it for putting his various patented devices on appellee's cars and engines, nor did he render a bill to appellee for said devices, or the right to use them during the time he was appellee's employe; and the jury found that there was no evidence that it was appellant's intention to charge appellee for the right to use such patented appliances if he had remained in appellee's employ. It is also found by the jury that the appellee did not know at any time during the time appellant was its master mechanic that it was the intention of the appellant to charge it for said devices, or the right to use them, or that appellant as such master mechanic was to be paid for such right; that appellant as such master mechanic had charge of entering appellee's book charges and claims against it for material furnished or work done for his department; that he made no charge against appellee for the devices named in his complaint, or for the right to use them, and that appellee did not expect to pay for the devices placed on its cars and engines while appellant was in its employ; that appellant as master mechanic was paid an agreed salary, and that there is no evidence of any contract or agreement that appellee was to pay appellant for the use of the several appliances mentioned in the complaint; that appellee paid for the material which entered into the construction and placing of the patented devices mentioned in the several paragraphs of the complaint on its said cars and locomotive engines, and that appellee paid the appellant as its master mechanic during the time he was engaged in placing the various patented devices on its cars and engines, and that appellant audited

and marked as paid the bills for the material used in the manufacture of such devices; that such devices were manufactured at the expense of the appellee, and out of material furnished by appellee; that, prior to the placing by appellant of his various devices on appellee's cars and engines, they had not been used or adopted by any other railroad company, and had not been introduced to the railroad world, but they were introduced on appellee's cars and engines; that in placing the various devices mentioned in the complaint on appellee's cars and engines while appellant was in the appellee's employ, such devices were placed upon such engines and cars by appellee's employes, and appellant was paid for his time while placing his various devices on appellee's cars and engines by appellee, and appellee was not notified by appellant that it was to pay for said right in any amount; that appellee was not notified that appellant intended to make any claim or charge for the license or right to use said patented devices until four or five months after appellant was discharged from appellee's employ; that appellant, prior to such discharge, received and receipted for his monthly salary, except the last month, and there was no agreement, either verbal or written, that anything was to be paid for the use of his said patented appliances on said appellee's cars and engines, and that at the time said devices were placed on appellee's cars and engines, as alleged in the several paragraphs of complaint, no contract was entered into with appellee, through its general superintendent, or any other person, and there was no understanding that there was to be any charge or payment for the use of the several devices as alleged in the complaint.

It is true that the jury found that there was a certain amount of interest due upon the aggregate amount due and owing appellant; that it was agreed between appellant and appellee, after the placing of the appellant's several devices alleged in the various paragraphs of complaint, that the price to be paid therefor should be appellant's expense in

procuring patents for said several devices. But these find-
ings are flatly contradicted. It is found by the jury that the
use of such devices separately was worth a certain sum, and
that the various sums so found were *not* due and owing from
appellee to appellant. Thus the verdict fails to find a ma-
terial fact the burden of proving which was upon the appel-
lant. *Fireman's Fund Ins. Co.* v. *Dunn, ante,* 332. This
alone is sufficient to uphold the judgment of the lower court
without considering the numerous findings which tend to
show that it was the intention of the appellant to make no
charge for the use of such devices, and that appellee never
either expressly or impliedly agreed to pay therefor. The
judgment of the lower court is affirmed.